IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JOHN PAUL BURNETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-CV-528-RAH-CSC |
| | ) | |
| | ) | |
| **MARION COUNTY JAIL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**RECOMMENDATION OF THE MAGISTRATE JUDGE**</u>

**I. INTRODUCTION**

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility, Mt. Meigs, Alabama, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. He names as the sole Defendant, Marion County Jail. Plaintiff alleges that he was subjected to unconstitutional conditions while housed at the Marion County Jail. For relief, Plaintiff request damages for the time he spent living at the Marion County Jail and prospective injunctive relief prohibiting his return to "poor housing." Doc. 1 at p. 4. Upon review, the Court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.[1]

---

[1] Upon filing the Complaint, Plaintiff filed a motion in support of a request for leave to proceed *in forma pauperis*. Doc. 2. Upon request from the Court, he later filed an inmate account statement. (Doc. 3). The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

**II. DISCUSSION**

A 42 U.S.C. § 1983 "action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." 28 U.S.C. § 1404(a). The actions described in Plaintiff's Complaint occurred in Marion County, Alabama, which is located in the Northern District of Alabama. Plaintiff identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions giving rise to his claims that occurred in this district, and identifies no other basis for proper venue here. Therefore, under 28 U.S.C. § 1391(b), the proper venue for this action is the Northern District of Alabama, and it is due to be transferred under 28 U.S.C. § 1404(a).[2]

**III. CONCLUSION**

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

It is ORDERED that objections to the Recommendation may be filed **by October 10, 2023**. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not

---

[2] In transferring this case, the Court makes no determination with respect to the merits of the claims presented in the Complaint.

be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of the legal and factual issues covered in the Recommendation waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F2d 404 (5th Cir. 1982); 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 27th day of September 2023.

/s/Charles S. Coody
**UNITED STATES MAGISTRATE JUDGE**